# EXHIBIT A-1

Filed 5/23/2017 11:17:30 AM
Gwen Ashworth
District Clerk
Morris County, Texas
By: Londa Clark
Deputy

CAUSE NO. 26175

| | | |
|---|---|---|
| JEREMY NANCE and Wife, TAMBRA NANCE<br>Plaintiffs | § | IN THE DISTRICT COURT |
| VS. | § | OF |
| STATE FARM FIRE AND CASUALTY COMPANY<br>Defendant | § | MORRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

JEREMY NANCE and wife, TAMBRA NANCE, hereinafter called "Plaintiffs", and complain of STATE FARM FIRE AND CASUALTY COMPANY, hereinafter called "Defendant", and for cause of action show:

**I.**
**DISCOVERY LEVEL**

1. Plaintiffs, JEREMY NANCE and wife, TAMBRA NANCE, plead that discovery should be conducted in accordance with a tailored discovery control plan under Civil Procedure Rule 190.4.

**II.**
**PARTIES**

2. The Plaintiffs are JEREMY NANCE and wife, TAMBRA NANCE reside at 502 FM 1000, Omaha, Texas and are residents of Morris County, Texas.

3. The Defendant, is a general casualty insurance company authorized to engage in the insurance business in Texas. Citation may be served on the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**III.**
**CONTRACT OF INSURANCE**

4. Prior to April 26, 2014 the Defendant issued its Homeowners Policy to the Plaintiffs, Policy No. 72-CK-Z239-2, naming the Plaintiffs as persons insured and insuring home and personal property located at 502 FM 1000, Omaha, Texas against loss caused by fire, among other things, for a period including the date of loss that incurred on or about April 26, 2014. Under the terms of the policy, the coverage afforded the Plaintiffs for these losses was subject to monetary limits of $98,000.00 for the home and $53,900.00 for personal property in the event of a fire loss. Defendant has notice of this claim and has acknowledged the insurance coverage in its claim number 43-451L-479 assigned to this loss.

**IV.**
**THE LOSS**

5. On or about April 26, 2014 a fire occurred in the insureds' dwelling. As a result, the Plaintiffs' home and personal property were destroyed. The Plaintiffs were thus caused to sustain a loss of their home and personal possessions, said sum totaling in excess of $150,000.00 as the fair market value of the contents and home.

## V.
## THE CLAIM ON THE POLICY

6. The Plaintiffs notified the Defendant by notice to its duly authorized agent, of the occurrence of the incident described in Paragraph 4 above. Despite the fact that all conditions precedent to the Defendant's obligation to pay the Plaintiffs' losses under the Policy of Insurance were performed or did occur, the Defendant has failed and refused to pay the value of the claim in a sum in excess of $150,000.00, causing Plaintiffs to suffer that loss together with other harm as described further in this Petition. Plaintiffs would show that by letter to them from Defendant dated April 27, 2015 that Plaintiffs were officially notified that Defendant denied their claim.

## VI.
## UNFAIR CLAIM SETTLEMENT PRACTICES

7. After having received notice of the Plaintiffs' losses clearly covered by the parties' contract of insurance, all as set out in the preceding paragraphs of this Petition, the Defendant engaged in several unfair settlement practices, as enumerated and defined as unfair or deceptive in §541.060(a) of the Texas Insurance Code and §17.46(b) of the Texas Business and Commerce Code, including but not limited to the following:

    a. Misrepresenting material facts or the policy provisions relating to coverage of the insurance contract made the basis of this suit.

    b. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiffs' claim once the Defendant's liability became reasonably clear.

    c. Failing to provide promptly a reasonable explanation of the Defendant's basis for its denial of the Plaintiffs' claim.

d. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

e. Failing to affirm or deny coverage within a reasonable time.

8. The Plaintiffs will show that these acts and omissions on Defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, the Plaintiffs requests that the trier of fact award the Plaintiffs additional damages of up to three (3) times the sum of actual damages suffered.

## VII.
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

9. From and after the time the Plaintiffs' claim was presented to the Defendant, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of the Plaintiffs' claim, the Defendant refused to accept the claim and pay the Plaintiffs as the policy required.

10. At that time, the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiffs will show that the Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons as subterfuges to avoid paying a valid claim.

11. Consequently, the Defendant breached its duty to deal fairly and in good with the Plaintiffs. The Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiffs as more specifically described below.

12. The breach of duty by the Defendant was aggravated by the kind of gross negligence for which the law allows imposition of exemplary damages. The Defendant's conduct involved an extreme degree of risk of potential harm to the Plaintiffs or others and, despite the Defendant being actually and subjectively aware of the risk involved, the Defendant proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs. The Defendant's conduct included the making of a material representation that was false and either known by the Defendant to be false or made as a positive assertion with reckless disregard for the truth. Plaintiffs, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

## VIII.
## FAILURE TO COMPLY WITH PROMPT PAYMENT STATUTE

13. Subsequent to the fire loss suffered by Plaintiffs on or about April 26, 2014, Plaintiffs fully apprised the Defendant of all of the facts relating to Plaintiffs' claim under their Policy of Insurance. Thereafter, the Defendant acknowledged receipt of the claim and took the Plaintiffs' statements and formal proof of loss, requested receipts and other papers from the Plaintiffs, sent adjusters to examine the Plaintiffs' property and continued to attempt their investigation. The Plaintiffs have fully cooperated with the Defendant and have furnished the Defendant with all relevant items requested. Notwithstanding said cooperation, on or after April 27, 2015 the Plaintiffs received a letter from the Defendant stating that that letter will serve as formal notification that their claim is denied and thus refused to pay the benefits afforded by the Policy of Insurance. Although more than sixty

(60) days elapsed from the time the Defendant received all the items requested to process the Plaintiffs' claim, the claim was not paid by the Defendant. Thus, the Plaintiffs are entitled to recover the additional sum of 18 percent per annum on the Plaintiffs' damages as described in this Petition.

**IX.**
**ACTUAL DAMAGES**

14. The Defendant's conduct in this matter was the producing and proximate cause of harm to the Plaintiffs in at least the following respects:

a. The Plaintiffs have lost the benefits and protections afforded by the Policy of Insurance purchased from the Defendant in the sum in excess of $150,000.00.

b. The Plaintiffs has suffered severe and crippling mental anguish stemming from the Defendant's knowing misconduct as described above, with the result that the Plaintiffs has been unable to conduct a normal, day-to-day affairs of business and personal life without extreme difficulty, pain and anxiety.

c. The Plaintiffs' reputations for good credit have been seriously tarnished as a result of the Defendant's conduct.

d. The Plaintiffs have been humiliated and embarrassed because they had no use of their personal clothes to work, earn money, socialize and have been and were for a period of time relegated to being confined in their apartment.

**X.**
**ATTORNEY'S FEES**

15. Because of the conduct of the Defendant, the Plaintiffs have been compelled to engage the services of the undersigned attorney to prosecute this action. The Plaintiffs are entitled to recover a reasonable sum for the necessary services of the attorney in the

preparation and trial of this action and for any appeals to the Court of Appeals or the Texas Supreme Court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Defendant be cited to appear and answer and, on final trial of this cause, the Plaintiffs recover judgment against the Defendant for the following:

1. A sum in excess of $150,000.00 as the benefits payable under the insurance policy made the basis of this suit;
2. Damages for the harm suffered by the Plaintiffs as described in this Petition in a sum as found by the trier of fact within the jurisdictional limits of this Court.
3. Exemplary damages or enhanced damages as found by the trier of fact.
4. 18 percent per annum on $25,000.00 for additional damages under prompt payment statute.
5. Attorney's fees.
6. Prejudgment and post judgment interest as provided by law.
7. Costs of suit.
8. Such other and further relief to which the Plaintiffs may be justly entitled.

Respectfully submitted,

M. Mark Lesher
State Bar No. 12225500

**LESHER & McCOY**
126 West 2nd Street
Mount Pleasant, Texas 75455
Telephone: (903) 572-2889
Facsimile: (903) 572-2893
E-Mail: mlesher@lawyerlesher.com

ATTORNEY FOR PLAINTIFFS