# EXHIBIT A-5

Case 2:17-cv-00538-JRG   Document 1-6   Filed 07/14/17   Page 2 of 13 PageID #:  32

Filed 7/7/2017 10:35 AM
Gwen Ashworth
District Clerk
Morris County, Texas
By: Londa Clark
Deputy

CAUSE NO. 26175

| | | |
|---|---|---|
| JEREMY NANCE and Wife, TAMBRA NANCE, § | | IN THE DISTRICT COURT OF |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | 76th/276th JUDICIAL DISTRICT |
| § | | |
| STATE FARM FIRE AND CASUALTY COMPANY § | | |
| *Defendant*. § | | MORRIS COUNTY, T E X A S |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

State Farm Lloyds files its Special Exceptions and Original Answer to Plaintiffs' First Amended Petition.

## II. GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure, State Farm Lloyds generally denies all of the material allegations contained in Plaintiffs' First Amended Petition and all amendments thereto, and demands strict proof thereof by a preponderance of the evidence, or other applicable burden of proof.

## IV. AFFIRMATIVE DEFENSES

2. **Statute of Limitations.** State Farm Lloyds asserts the affirmative defense of all applicable federal and state statutory time limitations as a bar to recovery of the Plaintiffs herein. Under Texas law, a two year limitations period also applies to Plaintiffs' remaining claims against State Farm Lloyds. The limitation period applicable to Plaintiffs' claims that State Farm Lloyds engaged in unfair settlement practices in violation of Tex. Ins. Code §541.060(a) is provided by the statute, which states that

claims brought under Chapter 541 of the Texas Insurance Code must be brought before the second anniversary of either 1) the date the unfair or deceptive act or practice occurred or 2) the date the person discovered, or by exercise of reasonable diligence, should have discovered that the unfair or deceptive act or practice occurred.[1]

3. Similarly, the statute of limitations for Plaintiff's DTPA claims is also two years. All actions brought under [TEX. BUS. & COMM. CODE, Chapter 17, Subchapter E, Deceptive Trade Practices & Consumer Protection] must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."[2]

4. The statute of limitations for Plaintiffs' claims that State Farm Lloyd breached the duty of good faith and fair dealing is two years[3] which began to run when State Farm Lloyds rejected the insurance claim that is the basis of this lawsuit (the Claim).[4]

5. The Fire which is the basis of this lawsuit occurred on April 26, 2014 and State Farm Lloyds notified Plaintiffs of its rejection of the Claim, in writing, on April 27, 2015. State Farm Lloyds' rejection letter to Plaintiffs was sent to their attorney via certified mail, return receipt requested. The letter was signed for on April 29, 2015. The lawsuit was filed against State Farm Fire and Casualty Company on May 23, 2017.

---

[1] TEX. INS. CODE §541.162(a).
[2] TEX. BUS. & COM. CODE §17.565.
[3] CIV. P. REM. CODE §16.003; and *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 827 (Tex. 1990) (holding that the statute of limitations [for a suit against an insurer for breach of duty of good faith] is set forth in [Civil Practice and Remedies Code] §16.003(a).

Plaintiffs amended their petition and served State Farm Lloyds' counsel on June 16, 2017. The statutes on Plaintiffs' causes of action expired before Plaintiffs filed this lawsuit.

6.  **Arson.** State Farm Lloyds affirmatively pleads that it is not liable under the insurance contract, nor on any of Plaintiffs' other causes of actions because Plaintiffs intentionally caused the Fire to be set or had full knowledge of the Fire being set and/or participated in the Fire in question. It is against Texas public policy for an individual to profit under an insurance policy after intentionally causing fire damage to his property.

7.  **Illegality**. The Claim is also barred due to illegality. Plaintiffs' actions in knowingly and intentionally setting the Fire, or allowing the Fire to be set with their knowledge and consent, are against public policy. Further, State Farm Lloyds has no liability to Plaintiffs for the Claim because the claimed loss was not fortuitous.

8.  **Intentional Acts Provision**. Plaintiffs' claims are barred, in whole or in part, because the Policy is void.  State Farm Lloyds is not liable for any of the causes of action alleged in Plaintiffs' Original Petition because Plaintiffs' conduct in causing the Fire to be set or allowing the Fire to be set with his knowledge and consent implicates the following condition/exclusion of the Policy:

> **SECTION I – CONDITIONS**
> * * *
> 12. **Intentional Acts**. If you or any other person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void as to you or any other **insured** that caused or contributed to the loss or its procurement.

Under this condition, the Policy is void and Plaintiffs do not have any coverage under

---

[4] *Murray v. San Jacinto,* 800 S.W.2d at 829 (Limitations on a first party claim appropriately begins to run at denial, not the date a separate suit to determine coverage under the contract is resolved).

3

the Policy because they intentionally caused the Fire or allowed another with their knowledge and consent to set the Fire that damaged the property.

9. **Concealment or Fraud.** State Farm Lloyds is further not liable for any of the causes of action alleged in Plaintiffs' Original Petition because Plaintiffs violated the Concealment or Fraud condition of the Policy. The Policy provides in Section I and II Conditions:

> 2. **Concealment or Fraud**. This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstances relating to this insurance, whether before or after a loss.

Plaintiffs intentionally concealed and misrepresented material facts and circumstances, made false statements and committed fraud relating to the Claim. Plaintiffs misrepresented the cause of the Fire and their knowledge of the cause of the Fire, in addition to other material misrepresentations Plaintiffs made in the course of State Farm Lloyds' investigation of the loss. Due to Plaintiffs' violation of the foregoing condition of the Policy, the Policy is void, and Plaintiffs are not entitled to recover for any claims arising out of the Fire.

10. **Fraud.** State Farm Lloyds further alleges the affirmative defense of fraud. Plaintiffs made material misrepresentations. Plaintiffs' representations 1) were false; 2) were made with knowledge of their falsity and as positive assertions; and 3) were made with the intention that they be acted upon by State Farm Lloyds, as Plaintiffs intended for State Farm Lloyds to pay them money under the Policy based on their representations. State Farm Lloyds acted in reliance upon those assertions by further investigating the Claim and by making payments to Plaintiffs for the loss, and State Farm Lloyds suffered injury as a result. Plaintiffs' misrepresentations and fraudulent

concealment of information during the course of State Farm Lloyds' investigation of the Claim induced State Farm Lloyds to incur expenses and make payments that would not have otherwise been owed, and to conduct an investigation of the Claim that would not have been necessary had Plaintiffs been truthful concerning their role in setting or causing the Fire that damaged their property.

11. **Failure to Comply with Policy Conditions.** Plaintiffs cannot recover against State Farm Lloyds, in whole or in part, for any of the causes of action alleged in Plaintiffs' First Amended Petition because Plaintiffs failed to satisfy the conditions precedent to coverage under the Policy. Plaintiffs violated their oath during the course of their sworn testimony, a violation of the condition precedent described in the following Policy language:

**DECLARATIONS CONTINUED**

We agree to provide the insurance described in this policy:
\* \* \*
2. based on your compliance with all applicable provisions of this policy
\* \* \*

**SECTION I – CONDITIONS**
\* \* \*
2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:
    \* \* \*
    c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

    d. as often as we reasonably require:

        (1) exhibit the damaged property;

        (2) provide us with records and documents we request and permit us to make copies;

        (3) submit to and subscribe, while not in the presence of any other **insured**:

            (a) statements; and

            (b) examinations under oath;

> \* \* \*
>
> e. submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
> (1) the time and cause of loss;
>
> \* \* \*
>
> (6) an inventory of damaged or stolen personal property described in 2.c;
>
> (7) receipts for additional living expenses incurred and records supporting the fair rental value loss
>
> \* \* \*
>
> **SUIT AGAINST US ENDORSEMENT**
>
> **SECTION I – CONDITIONS Suit Against Us**, is replaced with the following:
>
> **Suit Against Us**. No action or action can be brought unless the policy provisions have been complied with….
>
> \* \* \*

State Farm Lloyds has not waived any of the Policy provisions, nor have any of the Policy provisions been excused.

12.   **Bona Fide Dispute.** Plaintiffs cannot prevail on their breach of the duty of good faith and fair dealing claims unless and until they prove a breach of the Policy issued to him by State Farm Lloyds.[5]  At the very least, a legitimate and *bona fide* dispute exists as to the benefits and or coverage Plaintiffs are entitled to under the Policy.  A mere *bone fide* coverage dispute does not constitute a breach of the duty of good faith and fair dealing.[6]  State Farm Lloyds had the right to conduct a reasonable investigation of the Claim.  Upon the exercise of that right, it discovered a reasonable basis for declining to pay the Claim. State Farm Lloyds' handling, investigation, evaluation, and adjustment of the Claim was, at all times, reasonable.  The investigation revealed no facts making it reasonably clear that the Claim was owed.  It

---

[5] *Liberty Mut. Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) and *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994); and *Gates v. State Farm County Mut. Ins. Co.,* 53 S.W.3d 826, 829 (Tex. App.—Dallas 2001, no writ) (citation omitted). *See also Mid Century v. Boyte* 80 S.W.3d 546 (Tex. 2002).

is <u>not</u> reasonably clear that the Claim is owed. At the time it declined to pay the Claim, State Farm Lloyds had established a reasonable basis for doing so. The information revealed by the investigation of the Claim indicated Plaintiffs made material misrepresentations and concealed information.

13. **Plaintiffs' Bad Faith.** State Farm Lloyds further pleads that Plaintiffs have committed bad faith through their actions, omissions, and misrepresentations to State Farm Lloyds. Plaintiffs have failed to comply with the terms and conditions of the Policy by misrepresenting and concealing material facts. Plaintiffs' misrepresentations, actions and omissions were the sole and proximate cause of their damages. As a result, Plaintiffs' recovery should be barred by the terms of the Policy and Texas public policy.

14. **Cap on Exemplary Damages.** State Farm Lloyds affirmatively pleads the limitations on exemplary damages contained in the Texas Civil Practices and Remedies Code, Title 2, §41.001, *et.seq*. In addition, Plaintiffs' First Amended Petition and any amendments thereto, to the extent it seeks recovery of exemplary damages, violates Article I, §13 of the Texas Constitution and the Eighth Amendment of the United states Constitution and violates State Farm Lloyds' right to substantive and procedural due process as provided in Article I, §19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.[7] Moreover, as a matter of state and federal constitutional law, and/or sound public policy, any findings

---

[6] *Provident Am. Ins. Co. v. Castaneda,* 988 S.W.2d 189, 195 (Tex.1998); *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 448 (Tex.1997) (citation omitted); *Moriel,* 819 S.W.2d at 17 (citation omitted); *Wellisch v. USAA,* 75 S.W.3d 53 (Tex. App. - San Antonio 2002 pet. denied).
[7] See, e.g., *State Farm v. Campbell*, 538 U.S. 408 (2003); *BMW Corporation of North America v. Gore*, 517 U.S. 559 (1996).

supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of evidence.

15. Further, Plaintiffs' claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Texas. Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent.[8]

16. **Attorneys' Fees Are Barred.** Plaintiffs are not entitled to recover attorneys' fees. Plaintiffs do not state a valid basis on which he is entitled to attorneys' fees in his case, and he does not allege the conditions precedent necessary to be entitled to recover attorneys' fees. "Until a duty to pay under an insurance policy has been established, there is no just amount owed."[9] In addition, State Farm Lloyds asserts Plaintiffs are not entitled to attorneys' fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith… If a claimant demands

---

[8] See, e.g., *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

[9] *Beacon Nat'l Ins. Co. v. Glaze*, 114 S.W.3d 1, 6 (Tex.App.–Tyler, March 31, 2003) citing *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.–Austin 1992, no writ).

monies to which they are not entitled, that demand is unreasonable and consequently excessive."[10]

17. **Limit of Liability.** Plaintiffs' damages, if any, must be limited by the limits of liability set forth in the Policy.

18. **Deductible.** Plaintiffs' damages, if any, must be limited by the limits of liability set forth in the Policy.

19. **Payments.** State Farm Lloyds invokes the legal doctrine allowing it a percentage credit, offset and reduction of liability and damages, if any, against any judgment ultimately rendered in this matter for the amounts State Farm Lloyds has previously paid to or on behalf of Plaintiffs in connection with the Fire loss.

20. **All Other Defenses, Privileges and Immunities.** State Farm Lloyds affirmatively pleads all affirmative defenses, privileges and immunities available under the common law, the Texas Civil Practices & Remedies Code, by statute or otherwise. State Farm Lloyds affirmatively pleads all available contractual limitations, all available limitations set out in the Texas Civil Practices & Remedies Code, all available statutory limitations provisions and all limitations provisions available otherwise.

## IV. SPECIAL EXCEPTIONS

21. State Farm Lloyds specially excepts to Paragraphs 7-13 of Plaintiffs' First Amended Petition in which Plaintiffs allege that State Farm Lloyds violated provisions of the Texas Insurance Code and breached the duty of good faith and fair dealing. Plaintiffs failed to state any facts supporting their bare allegations or giving rise to these causes of action. Plaintiffs' mere paraphrased recitation of statutory sections and/or

---

[10] *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418-19 (Tex.App.–Corpus Christi 2001, rev. denied) citing *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981); and *Ingham v. Harrison*, 224 S.W.2d 1019, 1022

common law elements fail to identify specific facts supporting Plaintiffs' claims. Plaintiffs' allegations are merely legal conclusions presented without any factual basis. Consequently, Plaintiffs' pleadings as drafted fail to provide State Farm Lloyds with fair notice of the claims brought against it so that it may adequately prepare its defenses to these claims. "Pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare his defense thereto."[11] State Farm Lloyds requests that Plaintiffs be required to re-plead to correct these pleading defects.

22. State Farm Lloyds specially excepts to Paragraph 3 of the Prayer of Plaintiffs' First Amended Petition in which Plaintiffs allege that they is entitled to exemplary damages. Plaintiffs do not identify any conduct or provide any factual basis to support their claim for these damages. Plaintiffs have failed to provide facts supporting their damage claim and fail to give State Farm Lloyds fair notice of the claims brought against it so that it may adequately prepare a defense to these claims.[12] State Farm Lloyds requests that Plaintiffs be required to re-plead to correct these pleading defects.

23. State Farm Lloyds specially excepts to Paragraph 15 and Paragraph 5 of the Prayer of Plaintiffs' First Amended Petition in which Plaintiffs' seek attorneys fees. Plaintiffs have failed to provide sufficient notice of facts regarding the amount of attorneys fees incurred for the purpose of satisfying the requirements of TEX. CIV. PRAC. & REM. CODE Chapter 38.

---

(Tex. 1949).
[11] *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982).
[12] *Murray,* 630 S.W.2d at 636 (pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare her defense thereto).

## PRAYER

State Farm Lloyds prays that the Court grant its special exceptions, require Plaintiffs to re-plead their Petition, render judgment that Plaintiffs take nothing in this lawsuit, and grant State Farm Fire any such other and further relief, both general and special, at law and in equity, to which it shows itself entitled.

        Respectfully submitted,

        **NISTICO CROUCH & KESSLER, P.C.**

    By:    ***/s/Kathleen Crouch***
              Kathleen Crouch
              State Bar No. 05144310
              kcrouch@nck-law.com
              Rachel E. Wall
              State Bar No. 24066254
              rwall@nck-law.com
    4008 Gateway, Suite 120
    Colleyville, Texas 76034
    Telephone: (817) 858-0362
    Telecopier: (214) 722-0744
    **Counsel for State Farm Fire and Casualty Company**

**CERTIFICATE OF SERVICE**

      This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on July 7, 2017.

M. Mark Lesher
Lesher & McCoy
126 West 2nd Street
Mount Pleasant, Texas 75455
**VIA EFILE &**
**FACSIMILE:  (903) 572-2893**

                                                */s/Kathleen Crouch*
                                                  Kathleen Crouch