**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JEREMY NANCE, TAMBRA NANCE, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> STATE FARM FIRE AND CASUALTY § <br> COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:17-CV-00538-JRG |

## ORDER

Before the Court is Defendant State Farm Lloyds's ("State Farm" or "Defendant") Motion for Summary Judgment (Dkt. No. 10). Having considered the Motion and for the reasons set forth below, the Court **GRANTS** the Motion.

### I.   BACKGROUND

Plaintiffs Jeremy Nance and Tambra Nance ("Plaintiffs") purchased a homeowners policy ("the Policy") from State Farm Lloyds. ("Dkt. No. 10-1, Ex. A at 1.) The Policy covers up to $98,000 for Plaintiffs' residence and up to $53,900 for personal property. (*Id.* at 3.) In addition, The Policy contains a statute of limitations clause, foreclosing any suit brought against State Farm Lloyds more than "two years and one day after the cause of action accrues." (*Id.* at 9.) On April 26, 2014, "a fire occurred in the insureds' dwelling." (Dkt. No. 2 at 2; Dkt. No. 10-3, Ex. C at 2.) As a consequence of the fire, Plaintiffs' home and personal possessions were destroyed. (*Id.*) Plaintiffs subsequently filed a claim to recover their losses. (Dkt. No. 2 at 3.) On April 27, 2015, after reviewing Plaintiffs' claim, State Farm Lloyds rejected the claim and sent Plaintiffs and

Plaintiffs' counsel notice of the decision through email and certified mail. (Dkt. No. 10-2, Exs. B-2–4.) The letter was delivered to Plaintiffs' counsel on April 29, 2015. (Dkt. No. 10-2, Ex. B-4.)

On May 23, 2017, Plaintiffs Jeremy Nance and Tambra Nance ("Plaintiffs") filed suit in Texas state court against State Farm Fire and Casualty Company, asserting (1) breach of contract; (2) unfair claim settlement practices in violation of § 541.060(a) of the Texas Insurance Code and § 17.46(b) of the Texas Business and Commerce Code ("Texas Deceptive Trade Practices Act" or "DTPA"); (3) breach of the duty of good faith and fair dealing; and (4) failure to comply with § 542.058 of the Texas Insurance Code ("Prompt Payment of Claims Statute"). (Dkt. No. 2 at 3–5; Dkt. No. 10-3, Ex. C at 2–5.) Plaintiffs amended their petition on June 16, 2017, naming State Farm Lloyds as the defendant and non-suiting State Farm Fire and Casualty Insurance Company. (Dkt. No. 10-3, Ex. C.) The state court action was removed to the federal district court on July 14, 2017. (Dkt. No. 1.)

State Farm filed a Motion for Summary Judgment on September 7, 2017 (Dkt. No. 10). As of the date of this Order, Plaintiffs have not filed a response.

**II.    LEGAL STANDARD**

    **A.  Motion for Summary Judgment**

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence presented, viewed in the light most favorable to the nonmoving party, would permit a reasonable jury to find for the nonmoving party. *Id.* However, such evidence, whether it is offered by the movant to satisfy their initial burden or by the nonmovant to defeat a properly supported motion for summary judgment, may not consist entirely of "conclusory allegations" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Likewise, such evidence must be "capable of being 'presented in a

form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original).

The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993). However, once the movant has met its burden of showing that there is no genuine dispute as to any material fact, the nonmoving party must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case. *Dunn v. State Farm & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991). Under Local Rule CV-7(d), "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d).

### B. Statute of Limitations

Federal district courts sitting in diversity jurisdiction apply Texas substantive law, including the state statute of limitations and exceptions. *Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 111–12 (1945)). The question of when a cause of action accrued can determine whether the statute of limitations has run. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

### III. ANALYSIS

State Farm has moved for summary judgment on Plaintiffs' breach of contract and extra-contractual claims (breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the DTPA) on the basis that Plaintiffs are barred by the Policy's limitation provision and the applicable statutes of limitations. (Dkt. No. 10.) In determining whether Plaintiffs' causes of action are time-barred, the Court first considers when the causes of

action accrued. *Provident*, 128 S.W.3d at 221. The Court then determines the applicable statutes of limitation for each of Plaintiffs' claims.

### A. Each Cause of Action Accrued on April 29, 2015

Determining when a cause of action accrues typically is a question of law. *Provident*, 128 S.W.3d at 222. Limitations commences when the wrongful act occurs, resulting in some damage to the plaintiff. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967). Under Texas law, a plaintiff's cause of action for bad-faith breach of a first-party insurance contract accrues at the time the insurer denies the insured's claim. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). "The fact that damage may continue to occur for an extended period after denial does not prevent limitations from starting to run." *Id.*

Like a contractual claim, "a plaintiff's cause of action under the Texas Insurance Code for unfair claims settlement practices or under the DTPA based on denial of insurance coverage accrues on the date that the insurer denies coverage." *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 100 (Tex. 1994). *See also Willoughby*, 548 Fed. Appx. at 123 ("limitations begin to run on an insurance policy when the loss is denied"); *Murray*, 800 S.W.2d at 828 (collecting cases). In addition, a duty of good faith and fair dealing claim accrues on the day the insurer denies coverage. *Murray*, 800 S.W.2d at 828. "Limitations on a first party claim [of the breach of the duty of good faith and fair dealing] appropriately begins to run at denial, not the date a separate suit to determine coverage under the contract is resolved." *Id.* at 829. "Although the rejection must be in writing, there are no magic words that must be used to deny a claim." *Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470 (Tex. App.—Dallas 2002, pet. denied).

The accrual date of a cause of action based on a violation of the Texas Insurance Code, the bad-faith breach of an insurance contract, or a violation of the DTPA involving insurance coverage, may present questions of fact to be determined on a case-by-case basis. *Provident*, 128 S.W.3d at

4

222. In this case, there are no disputed issues of material fact before the Court. On April 27, 2015, State Farm rejected Plaintiffs' claim and sent notice of the decision through email and certified mail. (Dkt. No. 10-2, Exs. B-2–4.) In addition, the letter was delivered and signed upon receipt by Plaintiffs' counsel on April 29, 2015. (Dkt. No. 10-2, Ex. B-4.) The letter conveyed Defendant's rejection of Plaintiffs' claim for insurance proceeds arising out of the fire and the reasons for its decision to deny the claim. (*Id.*) Plaintiffs did not file a response to Defendant's Motion and therefore do not dispute the facts set out by Defendant. L.R. CV-7(d).

The Court concludes that at the very latest, State Farm's causes of action accrued on April 29, 2015, when Plaintiffs' counsel received decision of the notice through certified mail.

### B. Each Asserted Cause of Action is Barred by its Respective Statute of Limitations

Having determined that Plaintiffs' causes of action accrued on April 29, 2015, the Court now considers the applicable statutes of limitation for the asserted causes of action.

#### 1. Breach of Contract

Contract actions are typically governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West). However, an insurer may limit the time for filing suit through contractual provisions. *Bazile v. Aetna Cas. & Sur. Co.* 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd). Such provisions may not create a limitations period shorter than two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.070 (West) (". . . a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years."). However, "[i]nsurance provisions that limit the time within which to file a suit to two years and a day are valid and binding." *Willoughby v. Metropolitan Lloyds Ins. Co. of Texas*, 548 Fed. Appx. 121, 122 n.1 (5th

222. In this case, there are no disputed issues of material fact before the Court. On April 27, 2015, State Farm rejected Plaintiffs' claim and sent notice of the decision through email and certified mail. (Dkt. No. 10-2, Exs. B-2–4.) In addition, the letter was delivered and signed upon receipt by Plaintiffs' counsel on April 29, 2015. (Dkt. No. 10-2, Ex. B-4.) The letter conveyed Defendant's rejection of Plaintiffs' claim for insurance proceeds arising out of the fire and the reasons for its decision to deny the claim. (*Id.*) Plaintiffs did not file a response to Defendant's Motion and therefore do not dispute the facts set out by Defendant. L.R. CV-7(d).

The Court concludes that at the very latest, State Farm's causes of action accrued on April 29, 2015, when Plaintiffs' counsel received decision of the notice through certified mail.

### B. Each Asserted Cause of Action is Barred by its Respective Statute of Limitations

Having determined that Plaintiffs' causes of action accrued on April 29, 2015, the Court now considers the applicable statutes of limitation for the asserted causes of action.

#### 1. Breach of Contract

Contract actions are typically governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West). However, an insurer may limit the time for filing suit through contractual provisions. *Bazile v. Aetna Cas. & Sur. Co.* 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd). Such provisions may not create a limitations period shorter than two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.070 (West) (". . . a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years."). However, "[i]nsurance provisions that limit the time within which to file a suit to two years and a day are valid and binding." *Willoughby v. Metropolitan Lloyds Ins. Co. of Texas*, 548 Fed. Appx. 121, 122 n.1 (5th

Cir. 2013) (citing *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ)).

The Policy between Plaintiffs and State Farm contains a limitations clause, foreclosing any suit against State Farm brought more than "two years and one day after the cause of action accrues." (Dkt. No. 10-1, Ex. A at 9.) Plaintiffs' breach of action accrued on April 29, 2015. Plaintiffs did not file suit against State Farm Fire and Casualty Company until May 23, 2017. (Dkt. No. 2 at 3–5; Dkt. No. 10-3, Ex. C at 2–5.) Plaintiffs did not name State Farm Lloyds as the proper defendant until June 16, 2017. (Dkt. No. 10-3, Ex. C.) Neither of these dates precede April 30, 2017, two years and one day after Plaintiffs received notice of State Farm's denial.

Accordingly, Plaintiffs' breach of contract claim is barred by the Policy's limitations clause.

### 2. Prompt Payment of Claims

Under § 542.058(a) of the Texas Insurance Code, if an insurer, after receiving all items, statements, and forms reasonably requested after notice of a claim, delays payment of the claim for more than sixty (60) days, the insurer "shall pay damages and other items as provided by Section 542.060" of the Texas Insurance Code. Tex. Ins. Code § 542.058 (West). However, § 542.058(a) does not apply where "it is found as a result of arbitration or litigation" that a claim received by an insurer is invalid and should not be paid by the insurer. *Id.*

Plaintiffs' breach of contract claim is barred by the Policy's limitations period and therefore invalid. Accordingly, under § 542.058(b), Plaintiffs' claim based on violations of the Prompt Payment of Claims statute likewise fails as a matter of law.

6

### 3. Unfair Claim Settlement Practices in Violation of the Texas Insurance Code and the DTPA

Under Texas law, the statute of limitations for unfair settlement practices claims under Chapter 541 of the Texas Insurance Code is two years. *See* Tex. Ins. Code Ann. § 541.162 (West) (establishing two-year limitations period for claims under Chapter 541 of the Insurance Code). The statute of limitations for claims brought under the DTPA is two years. Tex. Bus. & Com. Code Ann. § 17.565 (West) ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered . . . the occurrence of the false, misleading, or deceptive act or practice."). As discussed earlier, Plaintiffs' unfair settlement practices causes of action under the Texas Insurance Code and the DTPA accrued on April 29, 2015. *See* discussion *supra* Section III.A. *See also Celtic*, 885 S.W.2d at 100.

Accordingly, under the applicable statutes of limitations, Plaintiffs' extra-contractual claims expired on April 29, 2017.

### 4. Breach of Duty of Good Faith and Fair Dealing

A cause of action for the breach of the duty of good faith and fair dealing must be brought within two years of the date on which the cause of action accrued. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West). As discussed above, Plaintiffs' breach of the duty of good faith and fair dealing cause of action accrued on April 29, 2015.

Therefore, under § 16.003(a) of the Texas Civil Practice and Remedies Code, Plaintiffs filed suit against State Farm well after the two-year limitations period.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. No. 10). The Court will separately proceed to enter final judgment consistent herewith.

**So ORDERED and SIGNED this 21st day of November, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE